## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

RICHARD BLAKE                    )
                                 )
            Plaintiff,           )
                                 )
v.                               )        Civil Action No. 3:10CV675–HEH
                                 )
BURGER KING CORP.,               )
                                 )
            Defendant.           )

## MEMORANDUM OPINION
### (Granting Defendant's Motion to Dismiss)

This is an action seeking money damages for alleged violations of Title VII of the

Civil Rights Act of 1964. This matter comes before the court on Defendant's Motion to

Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Both parties

have submitted memoranda of law in support of their respective positions. The Court

will dispense with oral argument because the facts and legal contentions are adequately

presented in the materials presently before the Court and argument would not aid in the

decisional process. For the reasons discussed herein, Defendant's motion will be granted.

Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964. According

to the complaint, Burger King Corporation ("Defendant") employed Mr. Richard Blake

("Plaintiff") as an assistant manager from July, 2007 until he was discharged on

December 15, 2009.

On September 23, 2010, Plaintiff, proceeding *pro se*, filed this complaint against

Defendant alleging various violations of Title VII and seeking $3,000,000 in money

damages. Specifically, Plaintiff alleges that he was "subjected to menial tasks" such as "cooking and cleaning" and sexually harassed by his female supervisor. (Compl. 2).

Defendant urges this court to dismiss Plaintiff's claims because he has failed to exhaust his administrative remedies with the Equal Employment Opportunity Commission ("EEOC"). In response, Plaintiff argues that he has exhausted his administrative remedies with Burger King's district management, and attached a copy of the complaint he filed with the EEOC on June 15, 2010.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; . . . it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), amplified this standard, noting that, to survive a motion to dismiss, a complaint must contain sufficient factual information "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. While it does not require "detailed factual allegations," *Twombly* held that Rule 8 of the Federal Rules of Civil Procedure does demand that a plaintiff provide more than mere labels and conclusions stating that the plaintiff is entitled to relief. *Id.* at 55, 127 S. Ct. at 1964-65. Thus, a complaint containing facts that are merely consistent with a defendant's liability stops short of the line between possibility and plausibility of entitlement to relief. *Id.* at 557, 127 S. Ct. at 1966. Rather, a complaint achieves facial plausibility when it contains sufficient allegations supporting the reasonable inference

that the facts alleged support an actionable claim. *Id.* at 556, 127 S. Ct. at 1965; *see also Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

This analysis is context specific and requires the "reviewing court to draw on its judicial experience and common sense." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). The *Giacomelli* Court also stressed that "'naked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1955). Additionally, in considering Defendants' motion, the Court assumes the facts alleged in the Complaint are true and draws all reasonable factual inferences in the nonmovant's favor. *Edwards*, 187 F.3d at 243.

"Before a Title VII plaintiff can bring a formal suit, he must file an administrative charge with the Equal Employment Opportunity Commission." *Chacko v. Patuxent Institution*, 429 F.3d 505, 506 (4th Cir. 2005); *see* 42 U.S.C. § 2000e-5(e)(1). Furthermore, before proceeding to federal court, a plaintiff must exhaust the EEOC administrative process, and must obtain a right-to-sue letter from the EEOC. *Davis v. North Carolina Dep't of Corr.*, 48 F.3d 134, 137-38 (4th Cir. 1995); *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 825, 110 S. Ct. 1566, 1570-71 (1990); *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 104, 99 S. Ct. 1601, 1610 n.12 (1979) (holding that a complainant under Title VII of the Civil Rights Act of 1964 "must obtain a 'right-to-sue' letter before proceeding in federal court").

Here, Plaintiff has failed to show that he has exhausted his administrative remedies with the EEOC. Plaintiff has provided a purported copy of the discrimination

charge that he filed with the EEOC, but merely filing a complaint with the EEOC does not constitute an exhaustion of administrative remedies. Furthermore, Plaintiff has not produced a right-to-sue letter from the EEOC, which is required in order to proceed with this litigation. Absent a right-to-sue letter, the complaint must be dismissed.

For the reasons stated above, Defendant's Motion to Dismiss will be granted. An appropriate Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
United States District Judge

Date: April 18, 2011
Richmond, VA